IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | NO. C00-4599 TEH<br><br>ORDER DENYING MOTION TO RELATE CASES |
| MATTHEW HORNUNG, et al.,<br><br>    Petitioners,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Respondents. | NO. C05-4825 EMC |

These matters come before this Court on the City of Oakland's administrative motion to determine whether *Hornung v. City of Oakland*, Case No. C05-4825 EMC, is related to *Allen v. City of Oakland*, Case No. C00-4599 TEH. After carefully considering both the City's moving papers and the timely opposition filed by the *Hornung* petitioners, the Court concludes as follows: Although there may be serious questions regarding whether reinstating Petitioners Hornung, Mabanag, and Siapno as officers of the Oakland Police Department might impact the timely and successful implementation of the negotiated settlement agreement in *Allen*, the *Hornung* case presents for judicial decision only whether Petitioners have a right to compel arbitration, not what remedy Petitioners would be entitled to should they be found to have a right to arbitrate and ultimately prevail at arbitration. The *Hornung* petitioners correctly observe that the claimed right to arbitration in *Hornung* raises different issues from the constitutional claims and claims for indemnity raised in *Allen*, and the Court

1  cannot say that it "appears likely" that a decision on whether the officers are entitled to
2  compel arbitration would lead to "an unduly burdensome duplication of labor and expense or
3  conflicting results" if the two cases are not related.  Civ. L.R. 3-12(a) (defining related
4  cases).  Accordingly, this Court does not find the two cases to be related as defined by Civil
5  Local Rule 3-12(a).

**IT IS SO ORDERED.**

Dated:   12/14/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT