United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HORNUNG, *et al.*,<br><br>           Plaintiffs,<br><br>       v.<br><br>CITY OF OAKLAND, *et al.*,<br><br>           Defendants.<br>_____/ | No. C-05-4825 EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING MOTION FOR ATTORNEYS' FEES**<br><br>**(Docket No. 20)** |

Plaintiffs' motion for remand and for award of fees and costs came on for hearing on February 1, 2006. Having considered the papers filed in support of and in opposition to the motion and the argument of counsel, and good cause appearing therefor, the Court hereby **GRANTS** the motion to remand and **DENIES** the motion for attorneys' fees.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were terminated in 2001 from their employment as officers with the Oakland Police Department. On October 27, 2005 they filed a petition seeking to compel arbitration in Superior Court alleging that the collective bargaining agreement that governs the employment of Oakland police officers requires that their grievance be submitted to arbitration or the Civil Service Board. The City maintains that the Plaintiffs waived their right to arbitration by failing to move the arbitrations forward earlier.

The City promptly removed the case to district court on November 23, 2005, on the theory that it was closely related to another case, arising from the same facts and consisting of some of the same parties, in which Judge Henderson has retained jurisdiction over a comprehensive consent

decree designed to address alleged abuses by members of the Oakland Police Department. *See Allen v. City of Oakland*, USDC Master Case No. 00-4599 TEH ("*Allen*"). In particular, the City contends the Plaintiffs in this suit engaged in a pattern of misconduct that gave rise, at least in part, to the *Allen* litigation. Shortly after filing the removal petition, the City filed a motion to relate this case to Judge Henderson. The City argued, and Judge Henderson recognized, that the relief sought by Plaintiffs (an arbitral order to reinstate these Plaintiffs as police officers) could raise "serious questions" that might "impact the timely and successful implementation of the negotiated settlement agreement..." On December 14, 2005, Judge Henderson, however, ruled the two cases were not related, because the issue in the action removed from state court was Plaintiffs' right to arbitration, not their right to be reinstated. Within days, the City then offered a stipulation to remand. The Plaintiffs refused to remand unless the City agreed to pay attorneys' fees in connection with the removal. The City refused, and this motion to remand and for fees and costs ensued.

## II. DISCUSSION

A.  Motion to Remand

Plaintiffs' motion to remand, following Judge Henderson's refusal to relate the cases, is not opposed by the City. As discussed below, there is no original federal question jurisdiction over the Plaintiffs' petition filed in state court. Remand is therefore appropriate.

B.  Motion for Attorneys' Fees

Plaintiffs seek recovery of fees incurred in connection with the erroneous removal under 28 U.S.C. Section 1447(c). Section 1447(c) provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorney's fees under section 1447(c) is appropriate only where the removing party lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005). No presumption, either in favor of awarding fees or against awarding fees, exists. *Id.* at 710.

The question at bar is whether the City had an objectively reasonable basis for removal. Removal to federal court is appropriate where a well-pleaded complaint presents a question of federal law or where "none of the parties properly joined and served as defendants is a citizen of the

2

State in which such action is brought" and the amount in controversy is at least $75,000.  28 U.S.C. §§ 1332(a), 1441(b).  Where, as here, there is no diversity of citizenship between the parties, the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of the district court.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983); *see also* 28 U.S.C. § 1331.

The determination of federal jurisdiction is generally governed by the "well-pleaded complaint" rule.  Under that rule:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914).  The governing pleading is the plaintiff's complaint, not any defense the defendant might raise.  *Franchise Tax Bd.,* 463 U.S. at 10.

In the instant case, there is no objectively reasonable basis for asserting federal jurisdiction over Plaintiffs' state court petition to compel arbitration.  The City does not contend that cause of action therein raises any federal claim.  The right to arbitration therein is a matter of state law.  Rather, the City argues that the Plaintiffs' petition involves the same parties and nucleus of facts as the *Allen* case and that the granting of relief in the state court suit could adversely impact the effectiveness of the *Allen* consent decree over which Judge Henderson exercises continuing supervision.

The possible relatedness of the two suits, however does not establish original federal jurisdiction over the state court petition.  First, the City's theory is inconsistent with the well-pleaded complaint rule.  It essentially asserts as a defense, obstruction or inconsistency with a federal court order.  As noted above, anticipated defenses or responses, even if grounded in federal law, do not created federal jurisdiction under the well-pleaded complaint rule.  The defendants' injection of a federal issue "does not alchemize the proceeding into one conferring federal question

3

1  jurisdiction over a well-pleaded complaint that invokes no federal question either directly or
2  indirectly." *Harvard Real Estate-Allston, Inc. v. Kmart Corp.*, 2005 U.S. Dist. LEXIS 38532, at \*9
3  (D. Mass. Dec. 27, 2005).

4  Second, the Supreme Court has rejected as a basis for removal the assertion that a state court
5  suit is closely related to a federal suit, even where the state suit contravenes the terms of a settlement
6  of that federal action. In *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002), the
7  plaintiff filed various tort claims in state court. *Id*. at 30. A similar action was already underway in
8  district court. *Id*. The plaintiff successfully intervened in the federal suit and participated in the
9  ensuing settlement, which provided that any and all claims against the defendant be dismissed with
10 prejudice. *Id*. The district court retained jurisdiction over the settlement agreement. *Id*. at 34.
11 Nevertheless, the plaintiff resumed litigating the action in state court in contravention of the
12 settlement. *Id*. at 30. The defendants promptly removed to federal court. *Id*. The notice of removal
13 asserted federal jurisdiction under the All Writs Act (28 U.S.C. § 1651) and the supplemental
14 jurisdiction statute (28 U.S.C. § 1367). *Id*.

15 The Court found these bases for removal insufficient. *Id*. at 34. Writing for a unanimous
16 Court, the Chief Justice reasoned that "'where a statute specifically addresses the particular issue at
17 hand, it is that authority, and not the All Writs Act, that is controlling.'" *Id*. at 32 (citing
18 *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 41 (1985)).
19 Therefore, the Court held that § 1441 by its terms authorizes removal only of actions over which a
20 district court has original jurisdiction, and the All Writs Act does not dispense with that requirement.
21 *Id*. at 34. The Court expressly rejected the argument that the combination of the All Writs Act and
22 the doctrine of ancillary enforcement jurisdiction support the removal of the action. The All Writs
23 Act does not provide a basis for federal question jurisdiction. Although the federal court had
24 retained jurisdiction over the settlement, the assertion of ancillary jurisdiction was to no avail since
25 there was no original federal jurisdiction over the state suit. *Id.* at 34.

26 *Syngenta* is indistinguishable from the case at bar. The fact that a consent decree as here
27 rather than a settlement as in *Syngenta* was reached in the federal action is immaterial. Here as in
28 *Syngenta*, there was no federal question appearing on the face of the state complaint. In both cases,

4

even if the federal court were empowered to issue orders under the All Writs Act, the Act does not itself confer federal jurisdiction. In both cases, the exercise of continuing supervision by the federal court did not provide original federal jurisdiction on the theory ancillary jurisdiction. Accordingly, the City had no reasonable basis for removing the state court petition.[1]

This does not end the inquiry however. *Martin* teaches that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin*, 126 S.Ct. at 711. *Martin* gives as examples a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction. Importantly, the Court directed that "[w]hen a court exercises its discretion in this manner .. , its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.*

The question here is whether there are such "unusual circumstances" warranting departure. That determination is informed by the policy considerations underlying § 1447(c): "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* Of concern are the added costs to both parties and the wasting of judicial resources. *Id.*

Considering the facts and context of this case and these policy considerations, the Court concludes that there are "unusual circumstances" warranting departure from the rule in the instant case. Most importantly, although there was no objectively reasonable legal basis for removal, the Court finds there was no intent on the part of the City to interpose delay. Upon timely removal, the City immediately sought to relate the case to Judge Henderson consistent with its theory of removal. Upon Judge Henderson's refusal to relate the cases, it immediately offered to stipulate to remand. Nothing indicates the City was trying to delay resolution of the case. Although this Court finds there was no reasonable basis for the removal, its arguments supporting removal were not irrational or implausible. Moreover, there has been no significant delay resulting from the removal. Less than

---

[1] The Court notes that the City is not necessarily without remedy to address any conflict with the consent decree. *Cf. United States v. Int'l Brotherhood of Teamsters*, 954 F.2d 801, 808 (2d Cir. 1992) (federal court may invalidate arbitration award inconsistent with consent decree).

four weeks transpired between the removal and the City's offer to remand.  Plaintiffs could have offered to stipulate to remand and reserve the question of fee entitlement to a later date since remand does not deprive the federal court of jurisdiction to award fees at a later date. *Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252 (6th Cir. 1997); *Mints v. Educational Testing Service*, 99 F.3d 1253 (3d Cir. 1996).  They did not do so, and thus they themselves caused additional delay.  Nor were substantial judicial resources or costs to the parties incurred.  Most of the parties' and Court's resources have gone into litigating Plaintiffs' entitlement to fees rather than the merits of the remand issue.  Accordingly, the Court finds that an award of fees is not appropriate under the particular circumstances of this case.

### III. CONCLUSION

Accordingly, this case is hereby remanded to the Alameda County Superior Court.  No fees are awarded under 28 U.S.C. 1447(c).  This order disposes of Docket No. 20.

IT IS SO ORDERED.

Dated: February 3, 2006

EDWARD M. CHEN
United States Magistrate Judge